```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

MONICA JOHNSON, surviving spouse,   )
on her own behalf, and on behalf    )
of XAVIER J. JOHNSON, JR., a minor, )
as mother, next friend and natural  )
guardian, as next of kin of XAVIER  )
JOHNSON, deceased,                  )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    )    No. 04-2374 Ma/P
CITY OF MEMPHIS, et al.,            )
                                    )
    Defendants.                     )
                                    )
_____

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS KENNETH ADAMS IN HIS OFFICIAL CAPACITY**
_____

Before the court is Defendants City of Memphis ("the City") and Kenneth Adams' ("Adams") motion to dismiss Adams in his official capacity, filed on April 20, 2006. Plaintiff has not responded. For the following reasons, Defendants' motion is GRANTED.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated

1

as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-166 (1985). Adams is sued in his official capacity as an officer of the City of Memphis Police Department. Because Johnson's suit names the City as a Defendant, naming Adams in his official capacity is redundant. Therefore, Defendants' motion is GRANTED, and Johnson's claims against Adams in his official capacity are dismissed.

So ordered this 11th day of July 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE